NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK PALLADINI d/b/a LITTLE FRANK'S BAR & GRILL, | Case No. CV 06-00779 JW (HRL) |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS** |
| v. | |
| CITY OF MILPITAS, et al. | Re: Docket No. 39 |
| Defendants. / | |

Frank Palladini, owner of Little Franks Bar and Grill, sues the City of Milpitas and several police officers (individually and in their official capacity) alleging harassment, discrimination and various civil rights violations. Defendants move to compel further responses to certain discovery requests (including production of documents) and for attorney's fees.

**I.   MOTION TO COMPEL**

Defendants served Plaintiff with discovery requests on September 25, 2007. These requests were originally due on October 25, 2007, but Defendants granted an extension to December 15. On December 14, Plaintiff responded to the discovery requests, but Defendants claim (and this court concurs) that many of these responses are "woefully inadequate, raise

nonsensical and inappropriate objections, and are otherwise unresponsive." After failed attempts at meeting and conferring, Defendants moved to compel on March 7, 2008. Plaintiff's opposition brief was nearly a week late and sought more time to complete its discovery obligations.

At the hearing on this motion, counsel for Plaintiff acknowledged that he did not appropriately respond to Defendant's meet and confer efforts. He also admitted that not only were Plaintiff's discovery responses insufficient and incomplete, but they were prepared by an unqualified non-lawyer staff member in his office. Counsel admitted he signed the responses. (One wonders whether he signed without reading them or read them and simply did not care about their blatant inadequacy.) To date, Plaintiff has had nearly seven months to comply fully and properly, but has not done so.

### A.     REQUESTS FOR PRODUCTION OF DOCUMENTS

Parties responding to Requests for Production of Documents (RFP's) must respond to each request with one of the following: an agreement to comply, a statement of inability to comply, or a proper objection. 11 Schwarzer, et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL 11-263 (2008); FED.R.CIV.P. 34. None of Plaintiff's responses to these RFP's give any indication of what documents Plaintiff has produced, is producing, or intends to produce. Rather, he makes vague references to documents which he apparently thinks are responsive to the RFP posed.[1] Or, for several RFP responses, Palladini simply states, "documents pertaining to this request are not available."

Defendants are entitled to a clear statement by Plaintiff of the documents which have been or will be produced pursuant to a particular RFP. An appropriate response under the Federal Rules should make it clear that Plaintiff has produced all relevant, responsive

---

[1] *See e.g.,* RFP No. 1 (seeking all documents supporting Plaintiff's allegation of conspiracy to execute the policy causing the alleged unlawful acts), Plaintiff responded: "[t]he cop watches show that defendants had been in plaintiff's establishment more than once." This response serves no purpose other than to identify some type of document which Plaintiff apparently feels is relevant to the RFP. Such a response is entirely inadequate.

documents within his possession, custody, or control.  Or, alternatively, if Plaintiff is unable to produce known responsive documents, he should provide a full explanation.

    *1)*    *City of Milpitas's Request for Production of Documents*: The motion is GRANTED as to RFP's 1-4, 6-27, 29-38, 40, and 43-51.  The motion is DENIED with respect to RFP's 5, 28 and 39 because they are redundant.

## B.    INTERROGATORIES

"Each interrogatory must be responded to 'separately and fully.'  The response may be either an answer or an objection.  If an objection, the reasons for [it] must be stated." Schwarzer, et al., 11-263 (*citing* FED.R.CIV.P. 33(b)(3)).  Most of Plaintiff's interrogatory responses do little more than identify a particular event or document or refer generally to Plaintiff's surveillance videos.[2]  Plaintiff responded to all interrogatories concerning damages by referencing a spreadsheet that was never produced. None of these responses indicate whether that single document comprises the entire universe of Plaintiff's relevant, responsive information to the posed interrogatory.  If Plaintiff prefers to produce documents as his "answer" to interrogatories, then he must specifically identify such documents and clearly state that they contain all of Palladini's relevant and responsive information on that topic.  If the documents do not tell the complete story, then he must tell it in the interrogatory answer.

For six interrogatory responses, Plaintiff did not respond at all or responded with an "N/A."  In others, Plaintiff simply inserted his list of five witnesses with no further explanation, when further explanation was appropriate and necessary for a complete response.  In a few of the more egregious examples, the document referred to was entirely unrelated to the interrogatory.[3]  Federal Rule 33 entitles Defendants to separate and full responses to their

---

[2] *See e.g.,* Emmanuelle Interrogatory No. 2 (for interrogatory requesting description for each time that Palladini contends Defendants performed unjustified police sweeps, Plaintiff responded that one cop watch report on 4/25/06 noted "cop drove through parking lot & flashed flashlight in cares [sic] that were parked at Little Franks").

[3] *See e.g.*, Lawson Interrogatory No. 5 (when asked to describe the political activities by Plaintiff and his patrons which constituted "expressive activity," Plaintiff responded "Medical records are being copied by Kaiser [sic] will have in 7 business days").

3

interrogatories. It should go without saying that such responses must also be intelligible and actually answer the questions asked.

    *1)*    *Defendant Officer Emmanuelle's Interrogatories*: Plaintiff's motion is GRANTED as to interrogatories 2, 4, 6, 8, 10, 12, 14, 16, 18 and 19.

    *2)*    *Defendant Charles Lawson's Interrogatories*: Plaintiff's motion is GRANTED as to interrogatories 1-3, 5-7, 9, 11, 12, 15-17, 19, 20, 22, 23 and 25.

    *3)*    *Defendant Former Chief Nishisaka's Interrogatories*: Plaintiff's motion is GRANTED as to interrogatories 2, 4, 6, 8-10, 12-15, 18 and 20-25.

    *4)*    *Defendant City of Milpitas's Interrogatories*: The motion is GRANTED as to interrogatories 3-10 and 13-25.

### C.    REQUESTS FOR ADMISSIONS

A response to a Request for Admission (RFA) may consist of either an answer or an objection. Schwarzer, et al., 11-282. The answer must contain either "an admission, a denial or a statement detailing why the answering party is unable to admit or deny the matter." *Id*.; *See also* FED.R.CIV.P. 36(a)(3). The majority of Plaintiff's responses contain the phrase "Plaintiff does not admit." Although this could possibly be construed as a denial, in other responses Plaintiff uses the phrase "Plaintiff denies." What is the distinction Plaintiff intends? Because the Federal Rules call for a clear admission or denial, Plaintiff must clarify these responses.

Furthermore, nearly all of the responses contained "boilerplate" objections. Proper objections to RFA's include assertions that the request calls for privileged or irrelevant information, or that the request is unduly burdensome or oppressive. Schwarzer, et al., 11-286 - 287. It is improper to object to RFA's with blanket objections or on the basis that the request is ambiguous. *Id*; *see also Marchand v. Mercy Med Ctr*., 22 F.3d 933, 938 (9th Cir. 1994). Yet,

1  this is precisely what Plaintiff has done for nearly every RFA.[4]  Furthermore, on the court's

2  review, none of these RFA's warrant the "ambiguous" or the curious "intended to confuse"

3  objections asserted by Plaintiff.

4      Many of Plaintiff's responses to Defendants' RFA's are unintelligible and lack a clear

5  indication of admission or denial.  For example, in response to <u>RFA No. 1</u> (seeking an

6  admission that Milpitas did not have a policy, custom or practice of maintaining an

7  unreasonable presence at the bar), Plaintiff said, "[t]he policy, customer [sic] practice of

8  maintaining a reasonable [sic] presence at plaintiff's establishment, was well documented."

9  Setting aside the confusion arising from Plaintiff's lax proof-reading (does Palladini actually

10  think the police presence was reasonable?), the court might be willing to view the "customer"

11  word as a mere typographical error.  However, in response to <u>RFA No. 2</u> (seeking an admission

12  that Defendants did not maintain an unreasonable police presence at the bar), Plaintiff

13  responded with identical wording: "Refer to question number one, and is intended to confuse.

14  The policy, customer [sic] practice of maintaining a reasonable [sic] presence at plaintiff's

15  establishment, was well documented."  An occasional error is one thing, but when those errors

16  permeate an entire body of discovery responses rendering many unintelligible, the court cannot

17  overlook it.[5]  More is required of Plaintiff (and his counsel) under the Federal Rules of Civil

18  Procedure.

19      *1)*   *City of Milpitas's Requests for Admissions*: Plaintiff's motion is

20      GRANTED as to RFA's 1-17, 19, 21-27, 29-35, and 38-44.  The motion

21      is DENIED with respect to RFA's 18, 20, 28, and 36 because Plaintiff did

22      adequately respond.

---

[4] *See e.g.,* <u>RFA No. 4</u> ("Plaintiff objects because it is vague, ambiguous and intended to confuse.")

[5] There are a few responses to which the court is mystified as to what the Plaintiff was even trying to say.  *See, e.g.*, <u>RFA No. 33</u> Plaintiff responded: "objects because it is vague, ambiguous, any reasonable person being stopped and interjected, patrons business would cause him to lose business [sic]"); *see also* <u>RFA No. 43</u> Plaintiff responded, "Palladini objects ... It is doubtful that police have the manpower to send their cruises [sic] and officials on a daily basis.  It is Plaintiffs [sic] burden to show they do that to other businesses other that [sic] those they want shut down."

**II.    MOTION FOR ATTORNEY'S FEES**

Defendants seek attorney's fees for Plaintiff's discovery failures. FED.R.CIV.P. 37(a)(4)(A). Under these circumstances, an award of reasonable attorney's fees is appropriate and will be GRANTED. Defendants are directed to promptly file a declaration describing the time spent in attempting to meet and confer and in bringing this motion to compel. Plaintiff may have one week to file any objections to this declaration. An order specifying the amount of the award will follow thereafter.

**ORDER**

**By May 5, 2008, Plaintiff shall produce all responsive documents and serve full and complete responses.** If Plaintiff's compliance with this order fails to measure up to what is reasonably required, the court will seriously consider evidentiary sanctions.

**IT IS SO ORDERED.**

Dated:  4/16/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

**5:06-cv-779 Notice has been electronically mailed to:**

James Michael Barrett jb@jamesbarrettlaw.com

Kimberly E. Colwell kcolwell@meyersnave.com, calendardept@meyersnave.com, elabella@meyersnave.com

Tricia L. Hynes thynes@meyersnave.com, calendardept@meyersnave.com, kyanaga@meyersnave.com

Montgomery Scott Pisano mpisano@plg1.com


\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  4/16/08

                                                     /s/ KRO
                                      Chambers of Magistrate Judge Lloyd